# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2010

## STATE OF TENNESSEE v. BILLY D. SIZEMORE

**Appeal from the Circuit Court for Perry County**
**No. 2008-CR-25A   Robbie Beal, Judge**

---

**No. M2009-01827-CCA-R3-CD - Filed January 31, 2011**

---

The Perry County Grand Jury indicted Appellant, Billy D. Sizemore, for one count of theft over $1,000 in connection with the theft of rolls of wire fencing from Eugene Grinder. A jury convicted Appellant as charged, and the trial court sentenced Appellant to twelve years as a career offender. On appeal, Appellant argues that the evidence is insufficient to support his conviction because there was insufficient corroboration of his co-defendant's testimony. After a thorough review of the record, we conclude that there was sufficient corroborating evidence and, therefore, the evidence was sufficient to support his conviction. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Larry Joe Hinson, Jr., Hohenwald, Tennessee, for the appellant, Billy D. Sizemore.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Ron Davis, District Attorney General, and Stacey B. Edmonson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Eugene Grinder, the victim in this case, owns property in Perry County, Tennessee. About eight years before trial, Mr. Grinder purchased about 5,000 feet of six-foot wire

fencing in seventy-two, irregular-sized rolls. Some of the rolls were bigger, and some were smaller. He paid $3,000 for the fencing. He left the wire fencing outside on this property. In January 2008, someone called the victim and told him they found a roll of the wire fencing. When he arrived at his property, the victim discovered that the majority of the wire fencing had been taken and just a few pieces of it were left.

Christopher Reeves, Appellant's co-defendant, testified that he was incarcerated at the time of trial. He stated that in January 2008, he and Appellant stole rolls of wire fencing from a property in Perry County. The two men loaded some of the wire into a truck. Mr. Reeves did not know what happened to the wire fencing because he returned home after loading it. The two men returned and loaded up more wire fencing into a red Chevy pick-up truck they borrowed from Herbert Dell Potter. On their way to Mr. Potter's house, the truck broke down. After the truck was repaired, they returned to Mr. Potter's house with the wire fencing. Mr. Potter was living with Kelly Pilatti at the time. The wire fencing was sold to Heather Georges and Trade Time, a local radio show.

Mr. Potter and his wife, Kelly Potter, recalled that Appellant borrowed Mr. Potter's pick-up truck in January 2008. When Appellant returned with the truck, the back of the truck was filled with twenty-five to thirty rolls of wire fencing about six feet high. The wire fencing was rusty. Appellant told Mr. Potter that the wire fencing was left over from a job erecting a fence. Mr. Potter and his wife admitted that they did not know where Appellant obtained the wire.

Lewis County Sheriff's Sergeant Tommy Franzen was informed that wire fencing had been stolen from Mr. Grinder's property. He went to the victim's property and saw that some wire was still there. He contacted scrap metal places to see if anyone had attempted to sell any wire fencing. He was sent to the Pilatti's residence. There Sergeant Franzen discovered twenty-one rolls of wire fencing. Mr. Grinder identified the rolls as belonging to him. While there, he spoke with Mr. Pilatti and both of the Potters. Appellant and his co-defendant were brought into the sheriff's department for another reason, and Sergeant Franzen interviewed them about the wire fencing. Appellant told Sergeant Franzen he bought the wire fencing at a store for $85 a roll.

Heather Georges was a close friend of Appellant. She recalled that she purchased a few rolls of wire fencing from Appellant in late December 2007 or early January 2008. She purchased the wire fencing for use in her dog breeding business. When she returned from a dog show in Georgia, the wire fencing had been delivered. The wire fencing was rusty and the rolls were all different sizes. On January 22, 2008, the police questioned her regarding her purchase of the wire fencing. When she learned it had been stolen, she gave it to the authorities.

Joey Holt heard an advertisement for wire fencing on the Trade Time radio program. He purchased some wire for $25 a roll in January 2008. After he saw a newspaper article regarding wire fencing similar to that he purchased, he contacted the authorities. The sheriff's department took the wire.

On January 24, 2008, Perry County Sheriff's Detective Mike Chandler was contacted by the Lewis County Sheriff's Department. The Lewis County Sheriff's Department provided the results of their investigation into the stolen wire fencing to Detective Mike Chandler. As a result, Detective Chandler obtained warrants for Appellant's arrest.

The Perry County Grand Jury indicted Appellant for one count of theft over $1,000. At the conclusion of a jury trial held on June 12, 2009, Appellant was found guilty as charged. The trial court sentenced Appellant to twelve years as a career offender. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant's sole issue on appeal is that the evidence was insufficient to support his conviction because the testimony of his co-defendant was not properly corroborated at trial. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such

evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

We agree with Appellant that convictions may not be based solely upon the uncorroborated testimony of accomplices. *See State v. Robinson*, 971 S.W.2d 30, 42 (Tenn. Crim. App. 1997). However, Tennessee law requires only a modicum of evidence in order to sufficiently corroborate such testimony. *See State v. Copeland*, 677 S.W.2d 471, 475 (Tenn. Crim. App. 1984). More specifically, precedent provides that:

> The rule of corroboration as applied and used in this State is that there must be some evidence independent of the testimony of the accomplice. The corroborating evidence must connect, or tend to connect the defendant with the commission of the crime charged; and, furthermore, the tendency of the corroborative evidence to connect the defendant must be independent of any testimony of the accomplice. The corroborative evidence must[,] of its own force, independently of the accomplice's testimony, tend to connect the defendant with the commission of the crime.

*State v. Griffis*, 964 S.W.2d 577, 588-89 (Tenn. Crim. App. 1997) (quoting *Sherrill v. State*, 321 S.W.2d 811, 815 (Tenn. 1959)). In addition, our courts have stated that:

> The evidence corroborating the testimony of an accomplice may consist of direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. The quantum of evidence necessary to corroborate an accomplice's testimony is not required to be sufficient enough to support the accused's conviction independent of the accomplice's testimony nor is it required to extend to every portion of the accomplice's testimony. To the contrary, only slight circumstances are required to corroborate an accomplice's testimony. The corroborating evidence is sufficient if it connects the accused with the crime in question.

*Id.* at 589 (footnotes omitted). Furthermore, we note that the question of whether an accomplice's testimony has been sufficiently corroborated is for the jury to determine. *See id.* at 588; *State v. Maddox*, 957 S.W.2d 547, 554 (Tenn. Crim. App. 1997).

-4-

We conclude that there was adequate testimony from other witnesses at the trial to corroborate the testimony of Mr. Reeves, Appellant's co-defendant. Mr. Reeves testified at trial that he and appellant loaded wire fencing into a pick-up truck they borrowed from Mr. Potter. They returned with the wire fencing and the truck to Mr. Potter's house, who was living with Mr. Pilatti at the time. He also testified that the wire fencing was sold to Ms. Georges on the Trade Time radio program. Mr. Potter testified that Appellant and his co-defendant borrowed his pick-up truck. They later returned with rolls of wire fencing in the back of the truck. They left the wire fencing in Mr. Pilatti's yard. Ms. Georges testified that she purchased wire fencing from Appellant. Mr. Holt testified that he purchased wire fencing from an individual advertising wire fencing on the Trade Time radio program. Both Ms. Georges and Mr. Holt described the wire fencing as rusty. Sergeant Franzen discovered wire fencing on Mr. Pilatti's property and Mr. Grinder identified it as his.

As stated above, we conclude that there is more than adequate evidence to corroborate Mr. Reeves's testimony. Clearly, the jury also came to the same determination. Therefore, we find that the evidence is sufficient to support Appellant's conviction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-5-